WILSON v. THE STATE.

1. **Insane**: REHEARING BY COMMISSIONERS: APPEAL.   A person found by the commissioners of insanity to be insane may appeal to the circuit court within ten days after the finding is filed; (Chap. 152, Laws of 1880;) but the statute does not provide for a rehearing before the commissioners; and from a refusal by them to grant a rehearing an appeal will not lie.

*Appeal from Louisa Circuit Court.*

WEDNESDAY, JUNE 10.

*C. M. Wright*, for appellant.

*L. A. Riley*, for appellee.

SEEVERS, J.—In September, 1884, a petition was presented to the commissioners of insanity of Louisa county, stating that the plaintiff had been adjudged insane by the said commissioners, and asking them to grant a rehearing.   The commissoners refused to do so.   In October, 1884, another petition was presented to the commissioners, asking a rehearing, and they found and adjudged " that there is no reason for setting aside the findings made and entered by this board at the hearing of this cause on the seventh day of March, 1884."

From this order the plaintiff, as we are advised, appealed to the circuit court, and the appeal was dismissed, on the ground that the statute does not provide that an appeal could be taken. From this decision of the circuit court the plaintiff appealed to this court.

The statute provides that any person found insane by the commissioners of insanity may appeal to the circuit court within ten days after the finding of the commissioners is filed. Chapter 152, Acts Eighteenth General Assembly; McClain's Code, 391. No appeal was taken from such finding, but afterwards a hearing was asked, and, upon the commissioners' refusal to entertain it and change their previous ruling, the appeal to the circuit court was taken. There is no provision of the statute which authorizes a rehearing, and it follows that there is no statute authorizing an appeal from any order the commissioners may make in relation to such application. An appeal cannot be taken in any case unless it is so provided by statute. Therefore, the circuit court did not err in dismissing it.

AFFIRMED.